**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Porcayo, on her own behalf and on behalf of all surviving statutory beneficiaries of the deceased, Joel Porcayo García,<br><br>    Plaintiffs,<br><br>vs.<br><br>Corrections Corporation of America, a Tennessee corporation,<br><br>    Defendant. | No. CV-07-1706-PHX-SRB<br><br>**ORDER** |

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 6). Defendant argues that Plaintiffs' claims are barred by the statute of limitations, and that Plaintiffs cannot maintain a cause of action under 42 U.S.C. § 1983 for the treatment of a federal inmate by a private prison company.

**I.      BACKGROUND**

Joel Porcayo García was a federal prisoner incarcerated at the Central Arizona Detention Center ("CADC") in Florence, Arizona since August 17, 2003. During his incarceration, Mr. Porcayo was in the custody of the United States Marshals Service ("USMS"). Defendant Corrections Corporation of America ("CCA") is an independent contractor providing housing to federal prisoners in the custody of USMS. On September 25, 2003, Mr. Porcayo was found unresponsive in his cell at CADC, and was pronounced

dead shortly thereafter. An autopsy performed by the Office of the Pinal County Medical Examiner indicated evidence of external and internal injuries. Toxicological testing showed that Mr. Porcayo had consumed alcohol and drugs prior to his death. Plaintiffs are Mr. Porcayo's surviving relatives, including his mother, father, and four children, and are acting *pro se.*

Before bringing this action, Plaintiffs filed a wrongful death action against the United States of America pursuant to the Federal Tort Claims Act ("FTCA") on April 26, 2006. (Def.'s Reply in Supp. of its Mot. to Dismiss Pls.' Compl. ("Def.'s Reply"), Ex. 1.) Plaintiffs then filed an amended complaint on June 9, 2006. (Def.'s Reply, Ex. 2.) Plaintiffs' amended complaint alleged that Plaintiffs had mailed a claim by certified or registered mail to the United States Department of Justice/USMS on September 22, 2005 pursuant to 28 U.S.C. § 2675. (Def.'s Reply, Ex. 2 at 2.) Plaintiffs also alleged that they had received a formal denial of their claim on May 8, 2006. (Def.'s Reply, Ex. 2 at 2.) On August 11, 2006, the United States moved to dismiss Plaintiffs' amended complaint for lack of jurisdiction. (Def.'s Reply, Ex. 3.) The United States argued that because Mr. Porcayo's supervision and medical care were provided by an independent contractor, Plaintiffs' claims were subject to the FTCA's independent contractor exemption and there was no jurisdiction to proceed against the United States. (Def.'s Reply, Ex. 3 at 2.)

Because Plaintiffs did not timely respond to the United States' motion to dismiss, on January 4, 2007 the court ordered Plaintiffs to show cause why the motion to dismiss should not be granted, and why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Def.'s Reply, Ex. 4.) On January 30, 2007, Plaintiffs filed a response and a motion for leave to file a second amended complaint. The proposed second amended complaint sought to add claims against Defendant for wrongful death and negligence. (Def.'s Reply, Ex. 5.) The case was dismissed without prejudice on March 29, 2007. (Pls.' Resp. to Def.'s Mot. to Dismiss ("Pls.' Resp."), Ex. A.) The court denied Plaintiffs' motion for leave to file a second amended complaint because Plaintiffs failed to allege a proper basis for jurisdiction. (Pls.' Resp., Ex. A at 5.)

1   Plaintiffs filed this action against Defendant on June 28, 2007 in the Tucson Division
2   of the United States District Court for the District of Arizona. Plaintiffs' Complaint alleged
3   claims for negligence, wrongful death pursuant to A.R.S. § 12-612, and a civil rights claim
4   pursuant to 42 U.S.C. § 1983. On August 20, 2007, Defendant filed its Motion to Dismiss
5   pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 5, 2007, United States
6   Magistrate Judge Héctor C. Estrada granted Defendant's Motion to Transfer Venue, and the
7   action was transferred to this Court. The Court now considers Defendant's Motion to
8   Dismiss.

## II.   LEGAL STANDARDS AND ANALYSIS

The Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 248 (9th Cir. 1997). Thus, dismissal for insufficiency of a complaint is proper if the complaint fails to state a claim on its face. *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980). A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In determining whether an asserted claim can be sustained, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). As for the factual allegations, the Supreme Court has explained that they "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, the issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Gilligan*, 108 F.3d at 249.

### A.   Request for Judicial Notice

Defendant requests that the Court take judicial notice of the docket and pleadings in case No. CV-06-206-TUC-FRZ, U.S. District Court, District of Arizona (Tucson Division).

1 Under Federal Rule of Evidence 201, a court "shall take judicial notice if requested by a 2 party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially 3 noticed fact must be one not subject to reasonable dispute in that it is either (1) generally 4 known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready 5 determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. 6 R. Evid. 201(b). The Court takes judicial notice of the docket and pleadings because they 7 are matters of public record and not subject to reasonable dispute.

8 The Court will treat Defendant's Motion as a motion to dismiss despite Defendant's 9 request to take judicial notice of the docket and pleadings. When matters outside the 10 complaint are considered by the court on a motion to dismiss, the court may treat the motion 11 as one for summary judgment. Fed. R. Civ. P. 12(b); *San Pedro Hotel Co., Inc. v. City of Los* 12 *Angeles*, 159 F.3d 470, 477 (9th Cir. 1998). However, the conversion of a motion to dismiss 13 is not required when the attached materials are the sort of which the court may take judicial 14 notice. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Furthermore, "on a motion to 15 dismiss a court may properly look beyond the complaint to matters of public record and 16 doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v.* 17 *S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (citing *Phillips v. Bureau of* 18 *Prisons*, 591 F.2d 966, 969 (D.C. Cir. 1979)), *abrogated on other grounds by Astoria Fed.* 19 *Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Therefore, the Court will not convert 20 Defendant's Motion to Dismiss into a motion for summary judgment based on taking judicial 21 notice of the above docket and pleadings.

### B. Plaintiffs' Claim under 42 U.S.C. § 1983

Plaintiffs' Complaint alleges that CCA violated Mr. Porcayo's due process rights and seeks damages under 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

- 4 -

State prisoners have a private right of action against private correctional providers under § 1983. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 n.5 (2001). The U.S. Supreme Court has recognized an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971). Because Mr. Porcayo was a federal prisoner, and was not in state custody, Plaintiffs have failed to state a claim under § 1983. Furthermore, Plaintiffs cannot amend the complaint to state a claim for damages under *Bivens*, because federal prisoners may not bring *Bivens*-type implied damages actions against independent contractors under contract to house federal prisoners. *Malesko*, 534 U.S. at 63. Therefore, Plaintiffs' claim under § 1983 must be dismissed.

### C. Statute of Limitations

Defendant also argues that the statute of limitations has run on Plaintiffs' claims. With respect to the wrongful death and negligence claims, a two-year statute of limitations applies. A.R.S. § 12-542 requires that the following actions be commenced within two years after the cause of action accrues: "1. For injuries done to the person of another . . . 2. For injuries done to the person of another when death ensues from such injuries, which action shall be considered as accruing at the death of the party injured." The claims accrued on the date of Mr. Porcayo's death, September 25, 2003. Plaintiffs did not file the Complaint in this action until June 28, 2007, and the statute of limitations ran on September 25, 2005. Therefore, Plaintiffs' claims for wrongful death and negligence are barred by the applicable statute of limitations.

Plaintiffs contend that Arizona's saving statute applies. A.R.S. § 12-504(A) states that:

> If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination. If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, the court in its discretion may provide a period

> for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

Plaintiffs argue that this action is timely because they filed this action within six months of the dismissal of the suit against the United States of America. However, this argument misinterprets the plain language of A.R.S. § 12-504(A). Even assuming that the prior action was timely commenced, this action is not "a new action for the same cause." A.R.S. § 12-504(A). This action is brought against a different defendant, CCA, and alleges a new cause of action for civil rights damages pursuant to § 1983. Although Arizona courts have not specifically construed the term "same cause" under § 12-504(A), a number of other jurisdictions construing saving statutes have adopted the substantially similar doctrine. Under the substantially similar doctrine, a saving statute:

> applies only if the original action and the subsequent action are substantially the same. Where the parties and the relief sought in the new action are different from those in the original action, the actions are not substantially the same, and the saving statute does not apply. In addition, where the relief sought is the same in both actions, but the defendants are different, the actions are not substantially the same for purposes of the saving statute.

*Day v. NLO, Inc.*, 798 F. Supp. 1322, 1328 (S.D. Ohio 1992) (internal citations omitted). Other jurisdictions with saving statutes that are similar to Arizona's have held that they do not allow a plaintiff to add new defendants. *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 962 (10th Cir. 1991) (*abrogation on other grounds recognized by Keeler v. Cereal Food Processors*, 250 Fed. Appx. 857, 859 (10th Cir. 2007)); *Addie v. Mack Trucks, Inc.*, 613 F. Supp. 340, 341 (E.D. Mo. 1985); *Vessichio v. Hollenbeck*, 558 A.2d 686, 688 (Conn. App. Ct. 1989); *Heyde v. Xtraman, Inc.*, 404 S.E.2d 607, 609 (Ga. Ct. App. 1991); *Taylor v. Union of Int'l Electronic, Elec., Salaried, Mach. & Furniture Workers, AFL-CIO (IUE)*, 968 P.2d 685, 689-90 (Kan. Ct. App. 1998)*; Williams v. Zortman Mining, Inc.*, 914 P.2d 971, 973 (Mont. 1996)*; Cherokee Ins. Co. v. R/I, Inc.*, 388 S.E.2d 239, 240-41 (N.C. Ct. App. 1990); *Rowe v. John Deere*, 533 A.2d 375, 378 (N.H. 1987); *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991); *MGTC, Inc. v. N. Utils., Inc.*, 733 P.2d 607, 609 (Wyo. 1987).

1   Because this action seeks relief against a defendant that was not named in the original
2   action, A.R.S. § 12-504(A) is inapplicable, and the statute of limitations has run on Plaintiffs'
3   wrongful death and negligence claims. Because the deficiencies of Plaintiff's claims cannot
4   be cured by an amended complaint, the Complaint is dismissed with prejudice. *Eldridge v.*
5   *Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987) (a *pro se* litigant should be given leave to
6   amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome
7   by amendment).

8   **IT IS ORDERED** granting Defendant's Motion to Dismiss (Doc. 6) and dismissing
9   Plaintiffs' claims with prejudice.

11   DATED this 25th day of March, 2008.

_____
Susan R. Bolton
United States District Judge